IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CATHERYN D. FIELDS,

Plaintiff,

v.

JEFF HILL, individually and in his official capacity as Deputy District Attorney of Fresno County; HAROLD COLLINS, individually and in his official capacity as Oklahoma Highway Patrolman; JOHN HENDERSON, individually and in his official capacity as former Judge of the Haskell County District Court; BRIAN HENDERSON, individually and in his official capacity as current Judge or legal officer of Haskell County, Oklahoma; ROB BONTA, in his official capacity as Attorney General of California; JOHN/JANE DOE, in their official capacity as Director of Oklahoma Department of Public Safety; DOE DEFENDANTS 1-10,

Defendants.

Case No. 1:25 cv-00688-SKO

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(42 U.S.C. §§ 1983, 1985(3), and 1986) JURY TRIAL DEMANDED

## I. JURISDICTION AND VENUE

1. This action is brought under 42 U.S.C. §§ 1983, 1985(3), and 1986 for violations of Plaintiff's constitutional rights.

2. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343 because this case involves federal questions and civil rights violations.

3. Venue is proper in the Eastern District of California under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions occurred in Fresno County, California.

## II. PARTIES

4. Plaintiff Catheryn D. Fields is an individual and resident of the State of Washington. She brings this action pro se.

5. Defendant Jeff Hill is sued in his individual and official capacity for acts committed under color of state law as Deputy District Attorney in Fresno County.

6. Defendant Harold Collins is sued in his individual and official capacity for acts committed under color of state law as an Oklahoma Highway Patrolman.

7. Defendant John Henderson is sued in his individual and official capacity as a former Judge of the Haskell County District Court, for actions taken while presiding over Plaintiff's coerced plea and parental rights termination.

8. Defendant Brian Henderson is sued in his individual and official capacity as a current judicial officer in Oklahoma, for continued obstruction, record concealment, or related judicial misconduct.

9. Defendant Rob Bonta is sued in his official capacity as Attorney General of the State of California, for the purpose of injunctive relief regarding records maintained or enforced by the State of California.

10. Defendant John/Jane Doe is sued in their official capacity as Director of the Oklahoma Department of Public Safety, for the purpose of injunctive relief regarding records and prior criminal designations in Oklahoma.

11. DOE Defendants 1-10 are individuals whose identities are unknown at this time but who participated in or facilitated the violations described herein.

## III. FACTUAL ALLEGATIONS

### A. 2002 Oklahoma Seizure and Wrongful Prosecution

12. In 2002, Plaintiff was camping on federal land in Haskell County, Oklahoma when a group of strangers approached her tent late at night. Attempting to flee with her children, she struck an individual in her path.

13. Plaintiff was arrested and initially charged with misdemeanor DUI by Officer Harold Collins. Without new evidence, charges were escalated to felony DUI and felony child abuse.

14. Judge John Henderson presided over Plaintiff's proceedings. Plaintiff was coerced into a plea without proper representation, hearing transcripts, or procedural safeguards. As a result, her parental rights were effectively terminated, and no reunification process was initiated.

15. Plaintiff's son Ethan was adopted out without notice or due process protections. Her daughter Danielle was alienated through court-sanctioned restrictions on contact.

16. Plaintiff believes Defendant Brian Henderson continued the concealment of court records and denial of access to legal redress connected to the events initiated by his father.

17. Brian Henderson also presided over Plaintiff's grandmother's trust case. In 2015, he allegedly placed a lien against Plaintiff's one-sixth trust inheritance, estimated at $330,000, to satisfy a disputed $22,000 debt related to Ricky Lanham's medical bills. Plaintiff believes this constitutes cross-contamination of judicial roles and misuse of fiduciary authority. Lanham died under suspicious circumstances in 2010 and Oklahoma law enforcement has been suspect to having been involved.

18. Plaintiff filed FOIA requests and sought legal assistance but was denied access to her case files.

## B. Post-Trust Disbursement Exploitation and Assaults

19. After receiving her alleged share of the Mary Evelyn Terrell Testament Trust, Plaintiff was repeatedly targeted and exploited. She was coerced into selling valuable stock assets under duress. Plaintiff believes these stocks were either wrongfully acquired or funneled back to Stifel Nicholas Investments through fraudulent transactions or manipulated trust administration.

20. While in Idaho attempting to access housing and stability, Plaintiff was violently attacked on multiple occasions, resulting in a traumatic brain injury (TBI) that has left her with long-term disabilities. On at least three separate occasions, she was robbed of her possessions—including shoes and clothing—by individuals she believes were acting in concert with the broader scheme to exploit and isolate her.

21. Plaintiff filed multiple police reports regarding these incidents in Washington State. However, those reports have since "disappeared" from official records, further obstructing her ability to obtain justice or medical care. Plaintiff believes this disappearance is part of a broader effort to suppress evidence and shield those involved in multi-state collusion.

22. These events compounded Plaintiff's PTSD, intensified her economic hardship, and contributed to ongoing surveillance, harassment, and deprivation of civil liberties. Plaintiff continues to suffer from the physical, psychological, and financial effects of these assaults.

## C. 2007 Fresno Prosecutorial Coercion

23. In 2007, Plaintiff flew to Fresno after a distressing call from her daughter. The next day, she was parked with her keys out when approached by a male officer based on a vague report of intoxicated driving.

24. She was not driving, yet she was arrested. Officers forcibly administered a blood draw without a warrant or exigency.

25. In jail, Deputy DA Jeff Hill falsely claimed her prior DUI in Oklahoma was a felony conviction. Hill coerced Plaintiff into pleading guilty to a felony DUI in California by threatening habitual offender and strike charges unless she made a false statement in court.

26. Plaintiff's counsel, Charles Lee, failed to intervene meaningfully.

27. Plaintiff has been denied access to transcripts or audio recordings of the plea hearing.

IV. CLAIMS FOR RELIEF

Count I – 42 U.S.C. § 1983 (Due Process and Self-Incrimination Violations – Fifth and Fourteenth Amendments)

28. Defendants violated Plaintiff's right to due process by coercing a false felony plea.

Count II – 42 U.S.C. § 1983 (Unlawful Search and Seizure – Fourth Amendment)

29. Defendants violated Plaintiff's Fourth Amendment rights by conducting a warrantless blood draw with no legal justification.

Count III – 42 U.S.C. § 1983 (Right to Counsel – Sixth Amendment)

30. Defendants deprived Plaintiff of her Sixth Amendment right to effective assistance of counsel during plea negotiations.

Count IV – 42 U.S.C. § 1985(3) (Conspiracy to Violate Civil Rights)

31. Defendants acted in concert across jurisdictions to deprive Plaintiff of parental rights and to unlawfully escalate criminal charges.

Count V – 42 U.S.C. § 1986 (Neglect to Prevent Conspiracy)

32. Defendants who had knowledge of the unlawful conduct and failed to intervene are liable under § 1986.

V. DAMAGES AND RELIEF REQUESTED

Plaintiff has suffered PTSD, anxiety, estrangement from her children, lost employment, and denial of benefits.

WHEREFORE, Plaintiff respectfully requests:

- A declaratory judgment that Defendants violated her constitutional rights;

- Compensatory and punitive damages against the individual defendants;

- Injunctive relief against Defendants Rob Bonta and John/Jane Doe in their official capacities to:

- Expunge Plaintiff's felony DUI record in California;

- Correct any record in Oklahoma mischaracterizing her deferred judgment as a felony;

- All other appropriate equitable relief, including but not limited to post-adoption contact rights, reinstatement of parental status where appropriate, and investigation of misconduct;

- Investigation and reversal of any liens imposed on Plaintiff's inheritance or trust share by Brian Henderson or other interested parties;

- Costs and attorney's fees (if any);

- All other relief the Court deems just and proper.

JURY DEMAND

Plaintiff demands trial by jury on all triable issues.

Respectfully submitted,

Dated: _____, 2025

_____

Catheryn D. Fields, Pro Se Plaintiff

1235 Valley View Drive

Newport, WA 99156

(208) 446-6307

catheryndenyse@gmail.com

## CERTIFICATE OF SERVICE

I, Catheryn D. Fields, hereby certify that on the date below, I served a copy of the attached Complaint for Damages and Injunctive Relief, along with all supporting documents including the Civil Cover Sheet and Motion to Proceed In Forma Pauperis, by placing the same in the custody of the United States Marshals Service for service upon each defendant named in the Complaint, as permitted under Federal Rule of Civil Procedure 4(c)(3).

Executed this __1__ day of __June__, 2025.

Respectfully submitted,

_Catheryn D. Fields_

Catheryn D. Fields, Pro Se Plaintiff

1235 Valley View Drive

Newport, WA 99156

(208) 446-6307

catheryndenyse@gmail.com

# SUPPLEMENTAL DECLARATION OF CATHERYN D. FIELDS

REGARDING EVENTS IN STIGLER, OKLAHOMA (2002) AND IN FRESNO, CALIFORNIA (2007), IN SUPPORT OF CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. §§ 1983, 1985, AND 1986

DECLARATION OF CATHERYN D. FIELDS, UNDER 28 U.S.C. § 1746

I, Catheryn D. Fields, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

Introduction

1. This sworn declaration supplements my federal civil rights complaint. The events described occurred in Haskell County, Oklahoma in 2002 and Fresno County, California in 2007, involving unconstitutional state action, prosecutorial coercion, and law enforcement misconduct. I suffered ongoing civil rights violations and harm as a result.

2. Incident in West Fresno (2007)- A week prior to my DUI arrest in Fresno, I received a troubling call from my daughter, then 8 years old. Concerned for her safety, I flew to Fresno and filed a welfare check. Several hours later, I drove into the rural outskirts of West Fresno, ultimately pulling over on a deserted road. My keys were removed from the ignition, and I was parked with the engine off.

Shortly thereafter, two female officers arrived and questioned me. One was training, only identifiable to me at this date as "Corporal Dias" of the Fresno Police Department. She stated he had received a "transmission" or call alleging I was driving under the influence. I was not operating the vehicle at the time of contact. Two female officers subsequently arrived and detained me. At no time did any officer observe erratic driving or vehicle operation.

Despite my non-driving status, I was forcibly detained and transported to the hospital. At the hospital, I was physically held down by Corporal Diaz and another male officer, while

1

phlebotomist administered a nonconsensual blood draw. No warrant was obtained, I was told I could refuse and go straight to jail, and I was not advised of my rights.

At the jail. there was another incident with female "Corporal Dias" that resulted in her personally charging Plaintiff with injury to her; the claim was dismissed in plaintiff's favor.

These actions constituted violations of:

U.S. Const. Amend. IV (Unlawful search and seizure)

Missouri v. McNeely, 569 U.S. 141 (2013) (blood draws require warrant or exigency)

Schmerber v. California, 384 U.S. 757 (1966) (bodily intrusions require heightened justification)

U.S. Const. Amend. XIV (Due Process)

3. Prosecutorial Coercion by Jeff Hill, following this arrest- I was charged with DUI and detained. Prosecutor Jeff Hill informed me that because of a prior DUI in Oklahoma—which he falsely claimed was a felony conviction—my California charge would be elevated to a felony under California's Three Strikes Law. In truth, my Oklahoma case was a deferred judgment under OK Stat. tit. 22 § 991c, not a conviction.

Inside Fresno County Jail, in the presence of my appointed counsel Charles Lee, Hill stated that unless I accepted a plea agreement and admitted the Oklahoma DUI was a felony on the record, I would be charged with a felony strike and enhanced a habitual offender. Out of fear and under pressure, I took the plea, but I never had the opportunity to challenge the assertion or fully present evidence, aside from orally, while forced to testify 'on the record" that the Oklahoma DUI was a felony conviction.

This conduct violated:

U.S. Const. Amend. V (Self-Incrimination)

2

U.S. Const. Amend. VI (Right to Counsel)

Blackledge v. Perry, 417 U.S. 21 (1974) (vindictive prosecution)

Giglio v. United States, 405 U.S. 150 (1972) (prosecutor duty of candor)

4. Continuing Harm

I continue to suffer from the effects of this prosecution and the underlying Oklahoma proceedings. Through Dr. Laura Geiger, and because of this incident, I was formally diagnosed with chronic PTSD and severe anxiety. The false record of a felony DUI conviction has affected my ability to work, to receive benefits, and to reconnect with my children.

The denial of access to court records, sealed transcripts, and judicial evidence has precluded any meaningful relief. I respectfully request that the Court consider this supplemental declaration in support of my complaint.

Executed this __1__ day of __June__, 2025.

Respectfully submitted,

_Catheryn D. Fields_
Catheryn D. Fields Pro Se Plaintiff

1235 Valley View Drive

Newport, WA  99156

(208) 446-6307

catheryndenyse@gmail.com