1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

EASTERN DISTRICT OF CALIFORNIA

8
9

CATHERYN D. FIELDS,

10

Plaintiff,

11

v.

12
13

JEFF HILL, *individually and in his official capacity as Deputy District Attorney of Fresno County*, et al.,

14
15

Defendants.

16
17
18
19

Case No. 1:25-cv-00688-SKO

FIRST SCREENING ORDER

**ORDER FOR PLAINTIFF TO:**

**(1)    FILE A FIRST AMENDED COMPLAINT; OR**

**(2)    NOTIFY THE COURT THAT SHE WISHES TO STAND ON HER COMPLAINT**

(Doc. 1)

THIRTY-DAY DEADLINE

20      On June 6, 2025, Plaintiff Catheryn D. Fields ("Plaintiff"), proceeding *pro se*, filed an action.

21  (Doc. 1.)  On that same date, Plaintiff also filed an application to proceed *in forma pauperis*, (Doc.

22  2), which was granted on June 10, 2025, (Doc. 4).  Plaintiff's complaint is now before the Court for

23  screening.  Upon review, the Court concludes that the complaint fails to state any cognizable claims.

24      Plaintiff has the following options as to how to proceed.  Plaintiff may file an amended

25  complaint, which the Court will screen in due course.  Alternatively, Plaintiff may file a statement

26  with the Court stating that she wants to stand on this complaint and have it reviewed by the presiding

27  district judge, in which case the Court will issue findings and recommendations to an assigned

28  district judge consistent with this order.  If Plaintiff does not file anything, the Court will recommend

that the case be dismissed.

## I.    SCREENING REQUIREMENT AND STANDARD

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).  If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest.  *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1     Although a court must accept as true all factual allegations contained in a complaint, a court need

2 not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that]

3 pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

4 between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at

5 557).

6             **II.        SUMMARY OF PLAINTIFF'S COMPLAINT**

7     The complaint names the following Defendants: "JEFF HILL, individually and in his official

8 capacity as Deputy District Attorney of Fresno, County; HAROLD COLLINS, individually and in

9 his official capacity as Oklahoma Highway Patrolman; JOHN HENDERSON, individually and in

10 his official capacity as former Judge of the Haskell County District Court; BRIAN HENDERSON,

11 individually and in his official capacity as- current Judge or legal officer of Haskell County,

12 Oklahoma; ROB BONTA, in his- official capacity as Attorney General of California; JOHN/JANE

13 DOE, in their official capacity as Director of Oklahoma Department of Public Safety; DOE

14 DEFENDANTS 1-10." (Doc. 1 at 1, *see id.* at 2–3.) Plaintiff states that subject matter jurisdiction

15 is based on federal 28 U.S.C. §§ 1331 and 1343 as her claims involve "federal questions and civil

16 rights violations." (*Id.* at 1).

17     Plaintiff makes factual allegations regarding three series of events that she describes as (1)

18 "2002 Oklahoma Seizure and Wrongful Prosecution," (2) "Post-Trial Disbursement Exploitation

19 and Assaults," and (3) "2007 Fresno Prosecutorial Coercion." (*Id.* at 3–5.)

20     Starting with Plaintiff's allegations as to the events in Oklahoma, Plaintiff alleges that in

21 2002, she was camping in Heskell County, Oklahoma on federal land when "a group of strangers

22 approached her tent late at night." (*Id.* at 3). Plaintiff states that she attempted to flee with her

23 minor children, when she "struck" a person that was in her path. (*Id.*). Plaintiff then details how

24 Defendant Officer Harrold Collins arrested and charged her with misdemeanor DUI—charges that

25 were later escalated to felony DUI and felony child abuse. (*See id.*). Plaintiff alleges Defendant

26 John Henderson was the judge that presided over the adjudication of these charges, and she was

27 "coerced into a plea without proper representation, hearing transcripts, or procedural safeguards."

28 (*Id.*). Plaintiff states that her plea "effectively terminated" her parental rights and that "no

reunification process was initiated." (*Id.*). Plaintiff further alleges that her son was than adopted "without notice or due process protections" and her daughter as "alienated through court-sanctioned restrictions on contact." (*Id.*). Plaintiff contends Defendant "Brian Henderson also presided over Plaintiff's grandmother's trust case," in which "he allegedly placed a lien against Plaintiff's one-sixth trust inheritance . . . to satisfy a disputed debt related to Ricky Lanham's[1] medical bills." (*Id.*). Plaintiff states that she "believes this constitutes cross-contamination of judicial roles and misuse of fiduciary authority." (*Id.*). She also alleges a belief that "Defendant Brian Henderson continued the concealment of court records and denial of access to legal redress connected to the events initiated by his father."[2] (*Id.*) Plaintiff states that "Lanham died under suspicious circumstances in 2010 and Oklahoma law enforcement has been suspect to having been involved." (*Id.*).

Turning to the next set of allegations, Plaintiff contends that after receiving the disbursement of her share of her grandmother's trust, she "was coerced into selling valuable stock assets under duress." (*Id.* at 4.) She includes various allegations of being attacked and robbed "by individuals she believes were acting in concert with the broader schedule to exploit and isolate her." (*Id.*). Plaintiff alleges that she "filed multiple police reports regarding these incidents in Washington State," but those reports "have since disappeared from official records" and "Plaintiff believes this disappearance is part of a broader effort to suppress evidence and shield those involved in multi-state collusion." (*Id.*) Plaintiff claims that "[t]hese events compounded Plaintiff's PTSD, intensified her economic hardship, and contributed to ongoing surveillance, harassment, and deprivation of civil liberties." (*Id.*)

Turning to the final series of events, Plaintiff alleges that in 2007, "she flew to Fresno after a distressing call from her daughter." (*Id.*) The following day, she was sitting in a parked car without keys in the ignition when she was "approached by a male officer based on a vague report of intoxicated driving." (*Id.*). She claims she was arrested and officers "forcibly administered a

---

[1] The Court understands Ricky Lanham as being the individual Plaintiff "struck" in 2002. If Plaintiff chooses to amend, she is advised to provide further detail about this individual and how they are related to her allegations in any amended complaint.

[2] Although not explicitly set forth in the complaint, the Court understands Plaintiff to allege that Defendant Brian Henderson is the son of Defendant John Henderson. If Plaintiff chooses to amend, she is advised to make this link explicitly.

1  blood draw without a warrant or exigency." (*Id.*).  While incarcerated, she alleges Defendant Deputy

2  DA Jeff Hill falsely claimed her prior DUI in Oklahoma was a felony conviction" and "coerced

3  Plaintiff into pleading guilty to a felony DUI in California by threatening habitual offender and

4  strike charges unless she made a false statement in court." (*Id.* at 5).  Plaintiff further alleges that

5  her attorney, Charles Lee, "failed to intervene meaningfully" and that she "has been denied access

6  to transcripts or audio recordings of the plea hearing." (*Id.*).

7      Based on these allegations, Plaintiff brings the following claims:

8  (1)  "Due Process and Self-Incrimination Violations – Fifth and Fourteenth

9       Amendments" under 42 U.S.C. § 1983, based on an allegation that "Defendants

10       violated Plaintiff's right to due process by coercing a false felony plea;"

11  (2)  "Unlawful search and Seizure – Fourth Amendment" under 42 U.S.C. § 1983,

12       based on allegations that "Defendants violated Plaintiff's Fourth Amendment

13       rights by conducting a warrantless blood draw with no legal justification;"

14  (3)  "Right to Counsel – Sixth Amendment" under 42 U.S.C. § 1983, based on

15       allegations that "Defendants deprived Plaintiff of her Sixth Amendment right to

16       effective assistance of counsel during plea negotiations;"

17  (4)  "Conspiracy to Violate Civil Rights" under 42 U.S.C. § 1985(c), based on

18       allegations that "Defendants acted in concert across jurisdictions to deprive

19       Plaintiff of parental rights and to unlawfully escalate criminal charges;"

20  (5)  "Neglect to Prevent Conspiracy" under 42 U.S.C. § 1986, based on allegations

21       that "Defendant's who had knowledge of the unlawful conduct and failed to

22       intervene are liable under § 1986."

### III.    DISCUSSION

**A.    Rule 8**

25      Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain

26  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Detailed

27  factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

28  supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation omitted).

A plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

The majority of Plaintiff's complaint is an impermissible "shotgun" pleading. A "[s]hotgun pleading occurs when one party pleads that multiple parties did an act, without identifying which party did what specifically; or when one party pleads multiple claims, and does not identify which specific facts are allocated to which claim." *Hughey v. Drummond*, 2014 WL 579365, at *5 (E.D. Cal. Nov. 6, 2014) (citation omitted). The complaint alleges various claims but is not clear *what* facts relate to which claim or *how* the facts relate to the legal claims raised. Plaintiff also fails to adequately describe specific actions taken by each of the defendants named in the complaint that violated her constitutional rights. Instead, Plaintiff lumps Defendants together in all of her claims and it is not clear which claims Plaintiffs intend to assert against each of the Defendants. This is not permissible because it does not give Defendants "fair notice" of the claims against which they must defend and the facts and legal theories that give rise to the claims. *See* Fed. R. Civ. P. 8(a)(2).

Plaintiff must set forth factual allegations against each named defendant sufficient to state a claim. If Plaintiff elects to amend the complaint, Plaintiff must separate each claim, state the legal basis for the claim, and identify how the facts alleged support and show that the particular defendant committed the violation asserted as the legal basis for the claim. *See* Fed. R. Civ. P. 8(a). The failure to do so may result in a recommendation to dismiss this action.

**B.    Legal Standards**

In the event Plaintiff elects to amend her complaint, the Court provides the following legal standards that may be relevant to her action:

### 1.    Counts I, II, & III (42 U.S.C. § 1983—Deprivation of Rights)

Title 42 U.S.C. § 1983 ("Section 1983") provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009); *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section

1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393–94 (1989)) (internal quotation marks omitted). It "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996); *see Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under [S]ection 1983 arises only upon a showing of personal participation by the defendant.").

   To state a claim under Section 1983, a plaintiff must allege that the defendant (1) acted under color of state law, and (2) deprived plaintiff of rights secured by the Constitution or federal law. *Long*, 442 F.3d at 1185; *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of [Section] 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

   A section 1983 plaintiff's allegations must demonstrate that each individual defendant personally participated in the deprivation of their rights. *Jones*, 297 F.3d at 934. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Persons proceeding pro se are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). But the sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

   Plaintiff alleges a chronology of events and circumstances beginning in 2002 and apparently alleges that each act purportedly violated her rights. However, Plaintiff fails to explicitly link many of the defendants to any of her claims. Instead, Plaintiff lumps all defendants together in her claims. If Plaintiff elects to amend her complaint, she must allege what each individual defendant did or did

not do that resulted in a violation of their constitutional rights.  Plaintiff must clearly identify which defendant(s) she believes is or are responsible for each violation of her constitutional rights and set forth the supporting factual basis so that the complaint places each defendant on notice of Plaintiff's claims against him or her.  *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).  A chronological listing is insufficient; Plaintiffs must instead link each defendant to specific constitutional claims.

        2.    <u>Count IV</u> (42 U.S.C. § 1985—Civil Conspiracy)

        A plaintiff may allege a civil conspiracy under 42 U.S.C. § 1983 or 42 U.S.C. § 1985.  *Dyess ex rel. Dyess v. Tehachapi Unified Sch. Dist.*, 2010 WL 3154013, at *8 (E.D. Cal. Aug. 6, 2010) (citing *Dixon v. City of Lawton*, 898 F.2d 1443, 1449, n. 6 (10th Cir. 1990); *Klingele v. Eikenberry*, 849 F.2d 409, 413 (9th Cir. 1988); *Cohen v. Norris*, 300 F.2d 24, 27–28 (9th Cir. 1962); *Hopper v. Hayes*, 573 F.Supp. 1368, 1371 (D. Idaho 1983)).  Section 1985(3) prohibits conspiracies to deprive persons or classes of persons of the equal protection of the law or of equal privileges and immunities under the law.  42 U.S.C. § 1985(2).  Section 1985 does not create a cause of action for conspiracies to deprive persons of rights guaranteed only by state law and it applies only to discriminatory deprivations of federal rights.  *United Brotherhood of Carpenters, Local 610 v. Scott*, 463 U.S. 825 (1983).  To properly state "a cause of action under [section] 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States."  *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)); *see also Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).

    Under section 1985(3), "[a] mere allegation of conspiracy without factual specificity is insufficient to state a claim."  *Powell*, 2020 WL 1932169, at *8; *see also Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("A claim under [section 1985] must allege facts to support the allegation that defendants conspired together.  A mere allegation of conspiracy without factual specificity is insufficient.").  "To establish a conspiracy, a plaintiff must demonstrate

the existence of an agreement or 'meeting of the minds' to violate constitutional rights." *Mendocino Environmental Center v. Mendocino Cty.*, 192 F.3d 1283, 1301 (9th Cir. 1999). "The defendants must have, by some concerted action, intend[ed] to accomplish some unlawful objective for the purpose of harming another which results in damage." *Id.* The agreement need not be overt and may be inferred on the basis of circumstantial evidence, such as a showing that the alleged conspirators committed acts unlikely to have been undertaken without an agreement. *Id.* "[A] conclusory allegation of agreement at some unidentified point does not supply adequate facts to show illegality." *Twombly*, 550 U.S. at 557. A plaintiff must plead "enough factual matter (taken as true) to suggest that an agreement was made." *Id.* at 556. Allegations that identify "the period of the conspiracy, the object of the conspiracy, and certain other actions of the alleged conspirators taken to achieve that purpose," and allegations that identify "which defendants conspired, how they conspired and how the conspiracy led to a deprivation of his constitutional rights," both have been held to be sufficiently particular to properly allege a conspiracy. *Dyess*, 2010 WL 3154013, at *8 (citations omitted).

Additionally, "[t]he language [of section 1985(3)] requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102; *see also RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002); *Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir. 2002); *Sever*, 978 F.2d at 1536. To state a cause of action under section 1985(3), Plaintiffs must show "(1) that 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action,'. . . . and (2) that the conspiracy was 'aimed at interfering with rights' that are 'protected against private, as well as official encroachment.'" *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68 (1993) (citations omitted). "The original purpose of § 1985(3), which was passed as the Ku Klux Klan Act of 1871, was to enforce the rights of African Americans and their supporters . . . . [but courts] have extended § 1985(3) to protect non-racial groups only if 'the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or . . . Congress has indicated through legislation that the class require[s] special protection.'" *Huling v. City of Los*

1  *Banos*, 869 F. Supp. 2d 1139, 1144–45 (E.D. Cal. 2012) (citing *Sever*, 978 F.2d at 1536).

2        Plaintiff alleges a chronology of events and circumstances beginning in 2002 and makes a

3  broad allegation that "Defendants acted in concert across jurisdictions to deprive Plaintiff of parental

4  rights and to unlawfully escalate criminal charges."  However, Plaintiff fails to explicitly link many

5  of the defendants to any of her claims, and instead lumps all defendants together in her claims.

6  Further, Plaintiff does not allege specific facts as to an agreement between the relevant defendants

7  or discriminatory animus based on a suspect or quasi-suspect class.  If Plaintiff elects to amend her

8  complaint, to plead a cognizable claim under section 1985, Plaintiff must plausibly allege an

9  agreement between specific defendants to violate her rights, as well as an intent to deprive Plaintiff

10  of equal protection or equal privileges and immunities based on discriminatory animus against a

11  protected class. *See Griffin*, 403 U.S. at 102.

12        3.  <u>Count V</u> (42 U.S.C. § 1986—Failure to Prevent Civil Conspiracy)

13        A cause of action pursuant to 42 U.S.C. § 1986 for failure to prevent a civil

14  conspiracy may be brought against any person who knows that a conspiracy is actionable under

15  either sections 1983 or 1985(3) is about to be committed, has the power to prevent or aid preventing

16  the conspiratorial wrongs, and fails to or neglects to act.  42 U.S.C. § 1986; *Lac du Flambeau Bank*

17  *of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wisconsin, Inc.*, 759 F. Supp. 1339, 1352

18  (W.D. Wis. 1991).  Therefore, Plaintiff must plausibly allege a conspiracy under either section 1983

19  or section 1985 in order to have a cognizable claim under section 1986. *Escamilla v. City of Santa*

20  *Ana*, 606 F. Supp. 928, 934 (C.D. Cal. 1985), *aff'd*, 796 F.2d 266 (9th Cir. 1986).

21        4.  <u>Related Criminal Proceedings</u>

22        When seeking damages for an allegedly unconstitutional conviction or

23  imprisonment, "a [section] 1983 plaintiff must prove that the conviction or sentence has been

24  reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

25  authorized to make such determination, or called into question by a federal court's issuance of a writ

26  of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487–88 (1994).  "A claim

27  for damages bearing that relationship to a conviction or sentence that has not been so invalidated is

28  not cognizable under [section] 1983." *Id.* at 488.  Likewise, Plaintiff cannot seek declaratory relief

1   in federal court "to attack a state criminal conviction," *Sperl v. Deukmejian*, 642 F.2d 1154, 1154

2   (9th Cir. 1981), as that would be "tantamount to asking the district court to exercise appellate review

3   over the state court's decision," which the Court lacks the subject-matter jurisdiction to do, brought,

4   *Leslie v. City Prosecutor of Long Beach*, 51 F.3d 280 (9th Cir. 1995).

5          Further, to the extent Plaintiff is attempting to challenge any ongoing state criminal

6   proceedings, any such claim is barred under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).

7   The *Younger* doctrine "prevents a federal court in most circumstances from directly interfering with

8   ongoing criminal proceedings in state court." *Jones v. Buckman*, No. 2:18–cv–0054–MCE–EFB,

9   2019 WL 1227921, at *2 (E.D. Cal. Mar. 15, 2019). "Further, the *Younger* abstention doctrine bars

10  requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's

11  ongoing state criminal prosecution." *Id.* (citing *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986)).

12                    5.    Statute of Limitations

13          Plaintiff appears to bring claims that are time-barred under the applicable

14  statute of limitations according to the face of the complaint.  The relevant statute of limitations for

15  claims brought under 42 U.S.C. § 1986 is one year.  42 U.S.C. § 1986.  For claims brought pursuant

16  to 42 U.S.C. §§ 1983 and 1985, the statute of limitations is the forum state's statute of limitations

17  for personal injury actions.  *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999); *see also Jones v.*

18  *Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (noting California's two-year statute of limitations for

19  personal injury actions applies to § 1983 claims); *McDougal v. County of Imperial*, 942 F.2d 668,

20  674-674 (9th Cir. 1991) *overruled on other grounds by Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528

21  (2005) ("suits under § 1985(3) are . . . governed by the same statute of limitations as actions under

22  §1983).  The California statute of limitations for personal injury actions is two years.  Cal. Code

23  Civ. Proc. § 335.1.  Although California law determines the limitations period, federal law

24  determines when a claim accrues.  *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 926 (9th Cir.

25  2004).  Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the

26  injury which is the basis of the action." *Id.* (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th

27  Cir. 1999)).

28          "Failure to comply with the applicable statute of limitations may be grounds for dismissal at

the screening stage if it is apparent from the face of the complaint that plaintiff cannot 'prevail, as a matter of law, on the equitable tolling issue.'" *Tafoya v. City of Hanford*, 2020 WL 1083823, at *5 (E.D. Cal. Mar. 6, 2020) (citing *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993); *Kelly v. Islam*, 2018 WL 2670661, at *2 (E.D. Cal. June 1, 2018); *El-Shaddai v. Stainer*, 2016 WL 7261230, at *21 (C.D. Cal. Dec. 13, 2016)).  In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations period found in state law.  *Jones*, 393 F.3d at 927.  This applies to both statutory and equitable tolling.  *Id.* ("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.").

"Equitable tolling under California law 'operates independently of the literal working of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness."  *Jones*, 393 F.3d at 928 (quoting *Lantzy v. Centex Homes*, 31 Cal.4th 363, 370 (2003)).  "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith."  *Fink*, 192 F.3d at 916 (internal quotation marks and citation omitted).

Plaintiff appears to base her claims arising under sections 1983, 1985, and 1986 on events that occurred between 2002 and 2007, which are outside the applicable statute of limitations.  Therefore, according to the complaint, Plaintiff's claims pursuant to sections 1983 and 1985 based on events which occurred prior to June 6, 2023, and the claims pursuant to section 1986 based on events which occurred prior to June 6, 2024, are facially time-barred and not cognizable.  If Plaintiff intends to pursue claims under sections 1983, 1985, and 1986 based on events prior to these dates, any amended complaint should allege facts establishing that the statute of limitations has not run or that equitable tolling applies.

6.    Venue

In order for venue to be proper in the Eastern District of California, Plaintiff

must establish that "a substantial part of the events giving rise to [its] claims occurred in the chosen district." *Kelly v. Qualitest Pharmaceuticals, Inc.*, 2006 WL 2536627, at *8 (E.D. Cal. Aug.31, 2006) (citing *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 563 (8th Cir. 2003)) (quotations omitted). "That means, for venue to be proper, significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Gulf Ins. Co.*, 417 F.3d at 357 (emphasis in original). "Only the events that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a substantial part of the events are to be considered." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (3rd Cir.2003). Since the events or omissions giving rise to a plaintiff's claim must be substantial, "events or omissions that might only have some tangential connection with the dispute in litigation are not enough." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir.1994). This is because "[s]ubstantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Id.* Therefore, if Plaintiff chooses to amend, she must ensure that she pleads facts giving rise to cognizable claims that involve "a substantial part of the events giving rise to [those claims]" taking place within the Eastern District of California.

## C.    Leave to Amend

In sum, the Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint, so Plaintiff can provide additional factual allegations. *Lopez*, 203 F.3d at 1126–30.

Plaintiff is granted leave to file an amended complaint within thirty days. If Plaintiff chooses to amend her complaint, in her amended complaint she must state what each named defendant did that led to the deprivation of her constitutional or other federal rights. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no

1  "buckshot" complaints).

2         Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v.*

3  *Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself

4  without reference to the prior or superseded pleading, E.D. Cal. Local Rule 220.  Therefore, in an

5  amended complaint, as in an original complaint, each claim and the involvement of each Defendant

6  must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First

7  Amended Complaint," refer to the appropriate case number, and be an original signed under penalty

8  of perjury.

9         Plaintiff has a choice on how to proceed.  Plaintiff may file an amended complaint if she

10  believes that additional true factual allegations would state cognizable claims.  If Plaintiff files an

11  amended complaint, the Court will screen that complaint in due course.  Alternatively, Plaintiff may

12  choose to stand on her complaint subject to the Court issuing findings and recommendations to a

13  district judge consistent with this order.

## ORDER

15         Based on the foregoing, IT IS ORDERED that:

16         1.       Within thirty (30) days from the date of service of this order, Plaintiff shall either:

17                  a.       File a First Amended Complaint; or

18                  b.       Notify the Court in writing that she wishes to stand on this complaint;

19         2.       If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended

20                  complaint "First Amended Complaint" and refer to case number 1:25-cv-00688-

21                  SKO; and

22         3.       **Failure to comply with this order may result in the dismissal of this action.**

23

24  IT IS SO ORDERED.

25  Dated:  **June 12, 2025**                              */s/ Sheila K. Oberto*

26                                                         UNITED STATES MAGISTRATE JUDGE

27

28

                                                  14