UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERYN D. FIELDS,<br><br>        Plaintiff,<br><br>   v.<br><br>JEFF HILL, *individually and in his official capacity as Deputy District Attorney of Fresno County*, et al.,<br><br>        Defendants. | Case No. 1:25-cv-00688-SKO<br><br>**FINDINGS AND RECOMMENDATION THAT THE CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM AND DENIAL OF PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>(Docs. 6, 7)<br><br>TWENTY-ONE DAY DEADLINE<br><br><u>Clerk to Assign District Judge</u> |

On June 6, 2025, Plaintiff Catheryn D. Fields ("Plaintiff"), proceeding *pro se*, filed an action. (Doc. 1.) On that same date, Plaintiff also filed an application to proceed *in forma pauperis*, (Doc. 2), which was granted on June 10, 2025, (Doc. 4). On June 13, 2025, the undersigned screened the complaint, found that it failed to state any cognizable claims, and granted Plaintiff thirty days leave to file an amended complaint curing the pleading deficiencies identified in the order. (Doc. 5.)

Plaintiff filed a first amended complaint on July 21, 2025, (Doc. 6 ("FAC")), along with a Motion to Appoint Counsel, (Doc. 7). After screening Plaintiff's amended complaint, the Court finds that despite the explicit recitation of the deficiencies of the original complaint, Plaintiff has still not stated a cognizable claim. Accordingly, the Court will recommend that Plaintiff's amended

complaint be DISMISSED without leave to amend. The undersigned will also deny Plaintiff's Motion to Appoint Counsel.

### I. SCREENING REQUIREMENT AND STANDARD

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept

as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II.     SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's *pro se* complaint names the following Defendants: "JEFF HILL, EVA PHILLIPS, JUDGE JOHN HENDERSON (Deceased), JUDGE BRIAN HENDERSON, CLINT CRAFT, HAROLD COLLINS, DAVID WILSON, JUDGE BRIAN GREEN, JUDGE GREGORY FITZMAURICE, SHERI BUSTA, CINDY TROMBETTA, JASON DAVIS, STIFFEL NICHOLAS & CO., STACY PERRY, TIM PERRY, CHRISTINE SHIRINIAN, JAMES LEWIS d.b.a CENTER FOR FACTUAL INNOCENCE, COUNTY OF PEND OREILLE, and DOES 1–50 inclusive." (FAC at 1.) Plaintiff states that subject matter jurisdiction is based on federal 28 U.S.C. §§ 1331 and 1343 as her claims "arise under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983" and that "Declaratory and injunctive relief is sought pursuant to 28 U.S.C. § 2201 and 2202." (*Id.* at 3).

Plaintiff makes factual allegations that she describes through a narrative timeline starting in 2002 and continuing through to the present. (*Id.* at 3–6).

Starting with Plaintiff's allegations as to events in Oklahoma in 2002, Plaintiff contends she was camping in a "remote area of Corp of Engineer property" when she was forced to "flee the area at 2 a.m. with only her children . . . after being encroached upon by several unknown men and a couple of women." (*Id.* at 4). Plaintiff states "instead of investigating the threat," "Haskell County Oklahoma authorities fabricated a felony abuse claim, permanently removing her children with no reunification services, visitation, or due process." (*Id.*). Plaintiff claims she was "isolated and threatened by the sitting Judge John Henderson." (*Id.*) Plaintiff further claims that "[i]n 2007/2008 this plaintiff placed information on record as well as the constitutional violations against her by Prosecutor Hill, in Fresno, California, to no avail" and that "[t]he Oklahoma and California courts,

both, deemed the Oklahoma case a civil matter, yet maintained criminal-level control over Plaintiff through accusations, future-influenced litigation, and warrants." (*Id.*) Plaintiff continues by alleging that "Haskell County initially dismissed the associated child abuse allegations but later in 2024, placed them back onto the record, under active warrant—falsely labeling the matter as a guilty plea without Plaintiff's consent or lawful adjudication." (*Id.*) Plaintiff then alleges that in 2008, she was denied social security benefits "solely because of the Oklahoma warrant, which Plaintiff contends was sustained to suppress and undermine he access to rightful benefits and due process" and that "this harm is directly related to the broader campaign of interference with the Mary Evelyn Terrell Trust." (*Id.*)

Plaintiff then turns to events in 2007 in California and Oklahoma, alleging that when she was attending college, she was contacted by her daughter "who had locked herself in a room in fear of her stepbrother" and when Plaintiff returned to California to "assist" her daughter, "Plaintiff was prosecuted in Fresno." (*Id.* at 5). Plaintiff claims that "ADA Jeff Hill came to the jail and threated Plaintiff with a felony strike unless she affirmed that an Oklahoma deferred sentence was a conviction" which constituted "coerced false testimony that violated her Fifth Amendment right against self-incrimination." (*Id.*) Plaintiff further alleges that she "attempted to clarify that the original plea was signed under threat by a judge and two unknown men (one suspected to be the trust attorney), but was ignored." (*Id.*)

Plaintiff then turns to events in 2015. Plaintiff alleges that at that time she "inherited $330,000 from the Mary Evelyn Terrell Trust, which she believes was unlawfully manipulated." (*Id.*) Plaintiff claims that she "hired a private investigator to locate her daughter with no success" and that "[t]hrough social connections, she identified individuals linked to the 2002 camping incident," and that "Judge Brian Henderson, son of the judge who removed Plaintiff's children, attempted to freeze the entire $330,000 under the guide of a $22,000 medical lien, believed to be a payout to Mr. Lanham." (*Id.*) Plaintiff claims that "[t]he Quinton police refused to validate Plaintiff's concerns" and that "the deaths of Dreama and Rick Beak were not murder-suicide, but part of a cover-up tied to the trust." (*Id.*)

Next, Plaintiff makes allegations related to events from 2017 to 2019 in Idaho. Plaintiff

claims she was "violently assaulted while in custody, sustaining TBI, skull fractures, and broken arms" and that "Sheri Busta was involved as a jail administrator and clerk." She also alleges that she "was prosecuted by a D.A. who ignored Busta's recantation and was sentenced despite her injuries." (*Id.*) Plaintiff further alleges that "she sent $7,000 to James Lewis to file a § 1983 suit" but "no action was ever filed." (*Id.*)

Plaintiff next makes allegations related to events in Washington between 2016 and 2022. Specifically, Plaintiff alleges that "[a]fter purchasing a home in Washington using inheritance funds, Plaintiff faced sabotage, trespass, and harassment. She was targeted through litigation, intended to cloud title and deplete her resources." (*Id.* at 6).

Plaintiff then turns to events in California during 2023, alleging that "Stacey Perry of Stifel Nicholas investments and her husband allegedly coerced the sale of Plaintiff's father's home, further dismantling Plaintiff's financial stability." (*Id.*)

Finally, Plaintiff alleges further events in Washington between 2024 and 2025, specifically that "[f]ollowing Plaintiff's § 1983 filing in Washington, her property valuation was raised by 77% by Assessor James McCroskey" and that "[a] fraudulent lien and small claims ruling followed." (*Id.*) Plaintiff continues, alleging that "Judge Robin McCroskey disqualified herself but appointed Pro Tem Judge Barret Scudder who denied all the motions" and that "[e]vidence requests were suppressed, enabling a "self-help" eviction in violation of due process. (*Id.*)

Plaintiff also includes various details regarding two other federal cases she has filed in the District Court of Idaho, *see Fields v. State of Idaho*, No. 3:25-cv-00285, and the District Court for the Eastern District of Washington, *see Fields v. McCroskey*, 2:25-cv-00201. As to her Washington case (which has been dismissed), she asserts "Plaintiff is not forum shopping but seeking to preserve her right to constitutional redress in a jurisdiction not already compromised by institutional conflicts and retaliatory punishment." (*Id.* at 7.) As to her Idaho case (which has not been acted on by that Court), Plaintiff contends she "does not submit reference to relitigate claims in Idaho, but rather to corroborate the factual predicate for the instant action and reinforce the scope and severity of the systemic abuse inflicted by actors operating under authority of the State of Idaho." (*Id.* at 7–8).

Based on these allegations, Plaintiff brings the following claims:

5

(1) "Excessive Force and Physical Abuse (Fourth and Fourteenth Amendment(s)) Idaho" under 42 U.S.C. § 1983, based on an allegation that "Defendants Sheri Busta, Jason Davis, and others used excessive force against Plaintiff without lawful justification violating her rights under the Fourth and Fourteenth Amendments."

(2) "Coerced Self-Incrimination and Prosecutorial Misconduct (Fifth and Fourteenth Amendments) California and Oklahoma" under 42 U.S.C. § 1983, based on allegations that "Defendants Jeff Hill and John Henderson unlawfully coerced Plaintiff into false or self-incriminating statements using threats and duress, in violation of her Fifth and Fourteenth Amendment rights;"

(3) "Denial of Due Process and Judicial Neutrality (Fourteenth Amendment) Oklahoma and Idaho" under 42 U.S.C. § 1983, based on allegations that "Defendants Judge Brian Green, Judge Gregory Fitzmaurice, Judge Brian Henderson, and Eva Phillips engaged in judicial fraud and bias, denying Plaintiff due process and meaningful judicial review;"

(4) "Unlawful Child Removal (First and Fourteenth Amendments) Oklahoma" under 42 U.S.C. § 1983, based on allegations that "Defendants Eva Phillips and John Henderson Removed Plaintiff's children without due process, violating her constitutional right to family integrity;"

(5) "Financial Exploitation and Collusion (Fourteenth Amendment; Color of Law) Multistate and Private Party Collusion" under 42 U.S.C. § 1983, based on allegations that "Private actors—including Don Vincenti, Stacey Perry, Christine Shirian, Tim Perry, and James Lewis—acted in coordination with state officials to exploit Plaintiff's financial assets during crises, violating her due process rights."

(6) "Retaliation for Protected Conduct (First and Fourteenth Amendments) Washington" under 42 U.S.C. § 1983, based on allegations that "Following Plaintiff's legal filings and social media activity she faced retaliatory property

tax increases and judicial obstruction, in violation of her First and Fourteenth Amendment rights."

(*Id.* at 9).

Plaintiff's prayer for relief requests that the Court:

> (1) Declare that actions of all Defendants violated Plaintiff's constitutional rights; (2)[a]ward compensatory damages in an amount to be determined at trial; (3) [a]ward punitive damages against individual Defendants to deter similar conduct; (4) [i]ssue injunctive relief including expungement of coerced testimony and protection from future judicial retaliation; (5) [o]rder an accounting of Plaintiff's trust, estate, and investment assets; (6) [a]ward costs of suit and reasonable attorney's fees pursuant to 42 U.S.C. § 1988; [and] (7) [g]rant such other further relief as the Court deems just and proper.

(*Id.* at 9–10).

### III.   DISCUSSION

**A.   Rule 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). A plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

The majority of Plaintiff's complaint is an impermissible "shotgun" pleading. A "[s]hotgun pleading occurs when one party pleads that multiple parties did an act, without identifying which party did what specifically; or when one party pleads multiple claims, and does not identify which specific facts are allocated to which claim." *Hughey v. Drummond*, 2014 WL 579365, at *5 (E.D. Cal. Nov. 6, 2014) (citation omitted). Plaintiff's complaint alleges various claims but it is not clear *what* facts relate to which claim or *how* the facts relate to the legal claims raised. There are also several defendants named as to which Plaintiff alleges no facts, let alone facts giving rise to a cognizable claim. More broadly, Plaintiff also fails to adequately describe specific actions taken by

7

each of the defendants named in the complaint that violated her constitutional rights. This is not permissible because it does not give Defendants "fair notice" of the claims against which they must defend and the facts and legal theories that give rise to the claims. *See* Fed. R. Civ. P. 8(a)(2).

The undersigned finds that Plaintiff has not stated a claim as her complaint again fails to meet the requirements of Rule 8.

**B.     Leave to Amend**

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted); *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. (9th Cir. 1996). However, once the court has already granted a plaintiff leave to amend a complaint, the court's discretion in determining whether to allow additional opportunities to amend is particularly broad. *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 794 (9th Cir. 2012) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616,622 (9th Cir.2 004)); *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

Further amendment is not appropriate in this case. The undersigned finds that a second amendment of the complaint would be futile because Plaintiff has repeatedly demonstrated she is unable to plead a cognizable claim. Accordingly, undersigned recommends that the amended complaint be dismissed without further leave to amend.

**C.     Motion to Appoint Counsel**

Pending before the Court is Plaintiff's motion for appointment of counsel. (Doc. 5.)

Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970

1  (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is
2  dispositive, and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation
3  marks omitted); *Wilborn* 789 F.2d at 1331.

4  Given that the complaint as currently pleaded fails to state any cognizable claims, the Court
5  cannot adequately assess the complexity of Plaintiff's case at this time to determine whether
6  exceptional circumstances exist that would justify seeking counsel willing to represent plaintiff in
7  this action on a *pro bono* basis.

8  Accordingly, Plaintiff's motion to appoint counsel (Doc. 7) is DENIED without prejudice to
9  its renewal at a later stage to the extent that Plaintiff is permitted to proceed with this litigation.

**ORDER**

Based on the foregoing, IT IS ORDERED that Plaintiff's Motion to Appoint Counsel, (Doc. 7), is DENIED without prejudice.

Further, it is HEREBY RECOMMENDED that this action be dismissed without prejudice and without leave to amend. The Clerk of Court is DIRECTED to assign a District Judge to this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). **Within twenty-one (21) days after being served with these Findings and Recommendation**, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 24, 2025**                    /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE

9